IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAVON JETER, SR., | ) | CASE NO. 4:13CV896 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| LT. SAMPLE, | ) | |
| | ) | |
| Defendant. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

*Pro se* Plaintiff Ravon Jeter, Sr. ("Plaintiff") filed a Complaint on April 10, 2013, alleging that Defendant Lieutenant Sample ("Defendant"), an employee of the Ohio State Penitentiary ("OSP"), used excessive force against him.[1]  Doc. 3.   This case is now before the Court[2] on Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed on October 16, 2013.  Doc. 9.

For the reasons more fully explained below, taking the facts in the Complaint in the light most favorable to Plaintiff, Plaintiff has stated a plausible claim for relief and Defendant's Motion to Dismiss should be **DENIED**.

---

[1] The Complaint was initially filed in the U.S. District Court for the Southern District of Ohio.  In his Complaint, Jeter also alleged that the other defendants, various correctional personnel at OSP and the Southern Ohio Correctional Facility, were deliberately indifferent to his serious medical needs.  Doc. 3. During the Southern District's initial screening of Jeter's Complaint, Magistrate Judge Stephanie K. Bowman ordered that Jeter's claim against Lieutenant Sample be severed and transferred to this Court for all further proceedings.  *See Jeter v. Ahmed, et al.,* 1:13-cv-00244, Doc. 4.  ("[P]laintiff's claim against 'Lt. Sample' for the excessive use of force in a separate incident that allegedly occurred on November 28, 2012 at OSP does not satisfy the criteria for joinder under Fed. R. Civ. P. 20(a)…Here, it is appropriate to order the severance of the claim against defendant Sample for the alleged excessive use of force at OSP, because the claim clearly falls outside this Court's venue jurisdiction. Once that claim is severed, it must be transferred to the Northern District of Ohio, Eastern Division, for all further proceedings because, under 28 U.S.C. § 1391(b), that is the district court location where Lt. Sample resides and where the events giving rise to the excessive-use-of-force claim occurred.*"*)

[2] On June 17, 2013, this case was referred to the undersigned Magistrate Judge for general pretrial supervision, including the preparation of reports and recommendations on dispositive motions.  Doc. 6.

## I. Background

Plaintiff is currently incarcerated at the Southern Ohio Correctional Facility ("SOCF"). At the time giving rise to this claim, Plaintiff was incarcerated at OSP. During his incarceration at OSP, Plaintiff alleges that he did not have his inhaler and collapsed due to shortness of breath. Doc. 3, p. 5. Plaintiff alleges that Defendant then came into his cell while he was passed out on the floor and that Defendant, along with the SRT Response Team, "bust my mouth open and used excessive force with malicious and sadistic intent to inflict pain." Id.

## II. Standard of Review

Fed.R.Civ.P. 12(b)(6) is employed to test the legal sufficiency of a claim and dismissal is appropriate where the pleading itself makes it clear that no relief may be granted. To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (clarifying the plausibility standard articulated in *Twombly* ). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The factual allegations of a pleading must be enough to raise a right to relief above the speculative level. *Id.* at 555. The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Id.* "Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964–65.

"The Federal Rules of Civil Procedure do not require a claimant to set out in detail all the facts upon which he bases his claim." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim." *Wittstock v. Mark A. Van Sile, Inc.,* 330 F.3d 899, 902 (6th Cir.2003).

### III.  Analysis

Defendant claims that Plaintiff's Complaint does not state a claim upon which relief can be granted.  Doc. 9, p. 4.  In the Complaint, Plaintiff alleges that Defendant "with SRT team came in cell while I was on the floor passed out.  Then [Defendant] bust my mouth open and used excessive force with malicious and sadistic intent to inflict pain."  Doc 3, p. 5.  Under *Twombly,* a court must assume the truthfulness of the facts in the complaint, construe them "in the light most favorable to the plaintiff," and thereafter determine if he has stated a plausible claim. *Favors v. City of Highland Park*, 11-13321, 2012 WL 706578 (E.D. Mich. Mar. 5, 2012) (*citing Albrecht v. Treon,* 617 F.3d 890, 893 (6th Cir.2010) (internal quotation marks and citations omitted)).  Defendant makes four arguments in support of his contention that Plaintiff's Complaint fails to state a claim upon which relief can be granted:  (1) the factual allegations in the Complaint do not support an excessive force claim; (2) Plaintiff's factual allegations are speculative; (3) Plaintiff's legal conclusions are devoid of factual enhancement and should be ignored; and (4) Plaintiff's injury is de minimis.  For the reasons that follow, taking the facts in the Complaint in the light most favorable to Plaintiff, Plaintiff has stated a plausible claim for relief.

1. **Plaintiff's factual allegations support a claim for use of excessive force**

Defendant argues that the factual allegations of Plaintiff's Complaint do not support an inference of unconstitutional wrongdoing by Defendant.  Doc. 9, p. 5.  Defendant argues the "core judicial inquiry" in excessive force cases against prison officials is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Id.; *see* *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S. Ct. 995, 999, 117 L. Ed. 2d 156 (1992).  Thus, Defendant appears to be arguing that any alleged forced was applied "in a good-faith effort to maintain or restore discipline."  However, taking the facts in a light most favorable to Plaintiff, Defendant's argument is unpersuasive.  Plaintiff states that he was without an inhaler and passed out from shortness of breath.  Doc. 3, p. 5.  Subsequently, Plaintiff alleges that Defendant and the SRT team came into his cell and busted his mouth open while he was passed out on the floor.  Taking these allegations as true, there was no need to maintain or restore discipline and the force was not applied in a good-faith effort to do so.

2. **Plaintiff's factual allegations are sufficient to raise a right of relief above the speculative level**

Defendant next argues that Plaintiff's factual allegations are speculative because Plaintiff states that he was passed out on the floor when his mouth was busted open.  Doc. 9, p. 5.  However, Defendant's argument is unpersuasive.  At this stage, Plaintiff is not required to identify in his Complaint the precise evidence he may rely on to prove his allegations, e.g., the names of witnesses who may have seen what happened.  *Conley,* 355 U.S. at 47 ("The Federal Rules of Civil Procedure do not require a claimant to set out in detail all the facts upon which he bases his claim.").  Thus, Plaintiff's factual allegations are sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

4

### 3. Plaintiff's legal conclusions are not devoid of factual enhancement

Defendant further argues that Plaintiff's legal conclusion that Defendant "used excessive force with malicious and sadistic intent to inflict pain," amounts to nothing more than a naked assertion devoid of further factual enhancement and, therefore, should be ignored pursuant to *Iqbal* and *Twombly*.  Doc. 9, pp. 5-6.  Defendant's selective quotation removes the factual allegations that Plaintiff provided and that are set forth above.  While Plaintiff's allegation that the force was used "with malicious and sadistic intent to inflict pain" is a legal conclusion, Plaintiff provided factual allegations to support that conclusion, i.e., that Defendant busted Plaintiff's mouth open when he was passed out on the floor, and Plaintiff's factual allegations must be accepted as true for purposes of reviewing the motion to dismiss.  If believed, this allegation plausibly gives rise to an excessive use of force claim against Defendant.  *Uhrynowski v. Cnty. of Macomb*, 06-15483, 2007 WL 2984001 (E.D. Mich. Oct. 12, 2007) (factual allegations that officers assaulted plaintiff by knocking her to the ground with malicious intent were sufficient to state a claim for excessive force).  The complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), *abrogated on other grounds by Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929.  In addition to the facts mentioned above, the Plaintiff specifically makes reference to excessive force in the Complaint putting Defendant on notice of a federal claim under 42 U.S.C. § 1983.  *McCoy v. Shepherd*, 2:06 CV 262, 2006 WL 2225824 (S.D. Ohio Aug. 2, 2006).

### 4. Defendant's argument that Plaintiff fails to state a claim for excessive force because his injury is de minimis is without merit

Defendant also argues that "Plaintiff's allegations fail to state a claim for excessive force because his only injury alleged - a busted lip - is de minimis and does not amount to a

5

constitutional violation." Doc 18, pp. 1-2. Defendant cites *Lee v. Wilson*, 237 F. App'x 965, 966 (5th Cir. 2007) in support of his claim that a "busted lip" is a de minimis injury. However, *Lee* is distinguishable for three reasons. First, Plaintiff claims his mouth was busted open, not that he had a busted lip. While it is unclear at this stage what the full extent of Plaintiff's injuries were it can certainly be inferred that having one's mouth busted open is a more significant injury than getting a busted lip. Next, *Lee* was decided on a motion for summary judgment when the facts as to the injury to the Plaintiff were fully developed so as to permit the court to make a de minimis ruling. As stated above, at this stage in this case, the Court cannot determine the full extent of Plaintiff's injuries. Further, the court in *Lee* did not find that a busted lip is per se a de minimis injury. Rather, the *Lee* court determined that plaintiff's injuries in that case were de minimis specifically "in the context given that [Defendant's] closing of the portal door was a reasonable attempt to maintain order in response to Lee's complaints." *Id.* In this case, taking Plaintiff's allegations as true, Plaintiff was passed out on the floor when the injury occurred. This allegation of an unprovoked assault on an inmate who posed no danger negates any suggestions of an attempt by Defendant to maintain order.[3] Thus, Defendant's argument that Plaintiff fails to state a claim for excessive force because his injury was de minimis is without merit.

---

[3] Defendant also argues in his Reply in Support of His Motion to Dismiss that Plaintiff's Opposition should not be considered by the Court because it was not served on Defendant and did not include a certificate of service. Doc. 18, p. 3. The Court need not address this argument because the Court was able to reach its determination without considering Plaintiff's Opposition (Doc. 17).

## IV. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that Defendant's Motion to Dismiss be **DENIED.**

Dated: April 24, 2014

Kathleen B. Burke
United States Magistrate Judge

## **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).