UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RAVON JETER, SR., ) | |
| ) | CASE NO. 4:13cv896 |
| Plaintiff, ) | |
| ) | JUDGE BENITA Y. PEARSON |
| v. ) | |
| ) | MAGISTRATE JUDGE |
| LT. SAMPLE, ) | KATHLEEN B. BURKE |
| ) | |
| Defendant. ) | **ORDER** |

On October 31, 2014, Plaintiff filed a "Motion to Subpoena of Video Recording Tape." Doc. 30.  Plaintiff requests "the video of the 'use of force'" that occurred on November 28, 2012, which Plaintiff claims will help his case. *Id*.  Plaintiff also requests "the O.S.P. SRT-Team policy" and "all incident reports made I don't have." *Id*.

The discovery cutoff in this case was September 8, 2014.  Doc. 24, p. 1.  On September 15, 2014, the Court held a telephonic Status Conference, during which the parties informed the Court that discovery was complete.  *Id*.  Thereafter, Defendant filed a timely motion for summary judgment on October 8, 2014 (Doc. 28), and Plaintiff filed a motion for summary judgment on October 14, 2014 (Doc. 29).  Plaintiff filed his motion to subpoena almost two months after the discovery cutoff date, more than one month after informing the Court that discovery was complete, and three weeks after the dispositive motion cutoff date.  At no time did Plaintiff indicate to the Court prior to October 31, 2014, that discovery was not complete or that he required additional time for discovery.  See *Evanoff v. Standard Fire Ins. Co.*, 534 F.3d 516, 522

(6th Cir. 2008)) (affirming court's consideration of a motion for summary judgment despite the plaintiff's assertion that discovery was incomplete, when the parties had four months to conduct discovery and the plaintiff never requested additional time).

Furthermore, Defendant filed an opposition brief to Plaintiff's motion in which Defendant asserts that he received a similar request for documents and video recording from Plaintiff in July 2014.[1]  Doc. 32, p. 2.  Defendant states that, in his responses to Plaintiff at that time, he explained that there is no "use of force" video; he sent a copy of "ODRC Policy 68-MED-20, Emergency Services" to Plaintiff but objected to a request for SRT-Team policies; and he asserted that Defendant "was unable to determine what, if any, incident reports would be responsive to Plaintiff's request for 'all incident reports made I don't have.'"  *Id*.  Plaintiff did not reply to Defendant's response at that time.  *Id*.   Instead, he filed his "Motion to Subpoena."  Plaintiff has failed to comply with Fed R. Civ. P. 37(a)(1), which requires the filing party to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  *See also* Local Rule 37.1(a)(1) ("Discovery disputes shall be referred to a Judicial Officer only after [] the party seeking the disputed discovery has made, and certified to the Court the making of, sincere, good faith efforts to resolve such disputes."); Case Management Conference Order, Doc. 24 p. 2 ("discovery disputes shall be brought to this Court, only after counsel for the party seeking the disputed discovery has made, and certified to the Court the making of, sincere, good faith efforts to resolve such disputes").

---

[1] Plaintiff did not file a brief in reply to Defendant's opposition.

For all these reasons, Plaintiff's Motion to Subpoena (Doc. 30) is **DENIED**.

IT IS SO ORDERED.

Dated: December 19, 2014

KATHLEEN B. BURKE
U.S. Magistrate Judge